## DAVID S. GREENOUGH *vs.* JAMES F. WHITTEMORE.

An adjournment of the second meeting of the creditors of an insolvent debtor "to the time and place of holding the third meeting" is illegal; and a certificate of discharge granted at such adjourned meeting is invalid.

ACTION OF CONTRACT on a promissory note. Answer, a certificate of discharge in insolvency.

At the trial in the superior court of Suffolk, it appeared that the defendant was not present at the second meeting of his creditors in insolvency, and did not there take and subscribe the oath required by law; that the second meeting was adjourned " to the time and place of holding the third meeting," the third meeting not having there been ordered, nor the time appointed for it; that the third meeting was subsequently duly ordered,

notified and held; and at the same time and place the ad-journed second meeting was held, and the defendant took and subscribed the oath in due form.

Upon this evidence, *Abbott*, J. ruled that the adjournment of the second meeting was not a legal adjournment, and that the certificate of discharge was therefore invalid. The jury, under this instruction, found a verdict for the plaintiff, and the defendant alleged exceptions.

*A. A. Ranney*, for the defendant.

*S. Albee*, for the plaintiff.

METCALF, J. There can be no doubt that the commissioner had authority to adjourn the second meeting of creditors, and that all things done at a lawfully adjourned meeting are of like force and effect as if done at the original meeting. *St.* 1838, *c.* 163, § 15. But we are of opinion that the second meeting was not lawfully adjourned. An adjournment must be to a time and place certainly designated in the order therefor, and in the record of that order; and not to a time and place then uncertain, and to be made certain only by the happening of some future event. See 1 Lil. Ab. (2d ed.) 36; *Barr* v. *Chaytor*, 3 Harring. (Del.) 492. The creditors of an insolvent debtor, who attend a second meeting, or have legal notice of such meeting, may perhaps be bound to take notice of the time and place to which it is lawfully adjourned. At the least, they should be able to learn, with certainty, the time and place, from the records of the proceedings in insolvency, and cannot be required to watch for notice of the third meeting, for the purpose of ascertaining the time and place to which the second was adjourned.

As the meeting was not adjourned to a time and place of which the creditors, at the time when it was adjourned, could have knowledge, and as they had no subsequent legal notice of the time and place, we must hold that the adjournment was not legal, and that the acts done at the adjourned meeting were unauthorized and void. It is unnecessary, therefore, to inquire whether a second and third meeting of creditors can legally be held at the same time and place, as was proposed by the terms of the adjournment in question.           *Exceptions overruled.*